1

2

3

4

5

6

7               UNITED STATES DISTRICT COURT

8               EASTERN DISTRICT OF CALIFORNIA

9

ROBERT BARABINO,                    No. 2:10-cv-00035-MCE-KJN
10
          Plaintiff,
11
     v.                             <u>MEMORANDUM AND ORDER</u>
12
CITIZENS AUTOMOBILE FINANCE,
13 INC.; JPMORGAN CHASE BANK;
WESTERN SURETY COMPANY; and
14 DOES 1 through TWENTY;

15        Defendants.

16                     ----oo0oo----

17

18     Presently before the Court are Motions by Defendants

19 JPMorgan Chase Bank, N.A. and Citizens Automobile Finance, Inc.

20 ("Defendants") to Dismiss the Complaint of Plaintiff Robert

21 Barabino ("Plaintiff") for failure to state a claim upon which

22 relief may be granted pursuant to Federal Rule of Civil Procedure

23 12(b)(6).[1]  For the reasons set forth below, Defendants' motion

24 is granted in part and denied in part.

25 ///

26

27      [1] Because oral argument will not be of material assistance,
the Court orders this matter submitted on the briefs.  E.D. Cal.
28 Local Rule 230(g).

1

1

**BACKGROUND**[2]

2

3      On January 14, 2002, Plaintiff executed a Retail Installment

4 Sales Contract ("Contract") for the purchase of a 2001 Bounder

5 Diesel ("Vehicle") from Dan Gamel's Rocklin RV Center ("Seller").

6 The Contract states "ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT

7 IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD

8 ASSERT AGAINST THE SELLER OF THE GOODS OR SERVICES OBTAINED

9 PURSUANT HERETO."  Subsequent to Plaintiff's purchase, Seller

10 assigned its rights under the Contract to Bank One, N.A.

11 Defendant JPMorgan Chase Bank, N.A. ("JPMorgan") acquired rights

12 under the Contract as successor in interest to Bank One, N.A. by

13 way of merger.  Plaintiff made payments to JPMorgan in excess of

14 $25,000.  JPMorgan thereafter assigned its rights to Defendant

15 Citizens Automobile Finance, Inc. ("Citizens").  Plaintiff has

16 since made payments to Citizens in excess of $25,000.  Citizens

17 currently holds the contract and Plaintiff continues to make

18 payments.

19      In 2004, Plaintiff filed suit in Eastern District of

20 California, Case No. 2:04-cv-2359-MCE-EFB,(hereinafter "Barabino

21 I") against Seller and the manufacturer of the Vehicle alleging

22 violations of the Song-Beverly Consumer Warranty Act, the

23 Magnuson-Moss Warranty Federal Trade Commission Improvement Act,

24 the Consumers Legal Remedies Act, and fraud.  In 2009, Plaintiff

25 obtained judgment on all causes of action against Seller and

26 awarded Plaintiff damages in the amount of $270,590.20.

27

28      [2] The factual assertions in this section are based on the
allegations in Plaintiff's Complaint unless otherwise specified.

2

1    In light of the entry of judgment in favor of Plaintiff on
2 the fraud claim, Plaintiff asserts that the loan Contract now
3 held by Citizens is unenforceable and void on the basis of fraud.
4 Further, Plaintiff contends that under the terms of the Contract,
5 Defendants are subject to all claims and defenses which Plaintiff
6 could assert against Seller including Plaintiff's claim for award
7 of attorney's fees.  Defendants dispute this charge and argue
8 that the Contract is enforceable.  As such, Plaintiff seeks
9 judicial declaration of their respective rights.

10    Defendants argue that Plaintiff's request for declaratory
11 relief is barred by the doctrine of collateral estoppel.
12 Defendants refer to an action brought by Plaintiff on
13 November 26, 2006, Case No. 2:09-CV-00086-GEB KJM, (hereinafter
14 "Barabino II") in which Plaintiff asserted that Defendants, as
15 assignees of the Contract, were liable for claims that Plaintiffs
16 had asserted against Seller.  On August 12, 2009, the Court ruled
17 that all of Plaintiff's claims were barred by the applicable
18 statute of limitations and entered judgment in favor of
19 Defendants.  Based on this ruling, Defendants move to dismiss
20 Plaintiff's present action on the grounds that it is barred by
21 collateral estoppel, or in the alternative, should collateral
22 estoppel not apply, the claims are still barred by the statute of
23 limitations on the individual claims that were originally brought
24 against Seller.
25 ///
26 ///
27 ///
28 ///

3

1

**STANDARD**

2

3      On a motion to dismiss for failure to state a claim under

4 Rule 12(b)(6), all allegations of material fact must be accepted

5 as true and construed in the light most favorable to the

6 nonmoving party.  Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336,

7 337-38 (9th Cir. 1996).  Rule 8(a)(2) requires only "a short and

8 plain statement of the claim showing that the pleader is entitled

9 to relief" in order to "give the defendant fair notice of what

10 the...claim is and the grounds upon which it rests."  Bell Atl.

11 Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (quoting Conley v.

12 Gibson, 355 U.S. 41, 47 (1957)).  While a complaint attacked by a

13 Rule 12(b)(6) motion to dismiss does not need detailed factual

14 allegations, a plaintiff's obligation to provide the "grounds" of

15 his "entitlement to relief" requires more than labels and

16 conclusions, and a formulaic recitation of the elements of a

17 cause of action will not do.  Id. at 1964-65 (internal citations

18 and quotations omitted).  Factual allegations must be enough to

19 raise a right to relief above the speculative level.  Id. at 1965

20 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure

21 § 1216, pp. 235-36 (3d ed. 2004) ("The pleading must contain

22 something more...than...a statement of facts that merely creates

23 a suspicion [of] a legally cognizable right of action")).

24 ///

25 ///

26 ///

27 ///

28 ///

1    A court granting a motion to dismiss a complaint must then
2  decide whether to grant leave to amend.  A court should "freely
3  give" leave to amend when there is no "undue delay, bad faith[,]
4  dilatory motive on the part of the movant,...undue prejudice to
5  the opposing party by virtue of...the amendment, [or] futility of
6  the amendment...."  Fed. R. Civ. P. 15(a); <u>Foman v. Davis</u>, 371
7  U.S. 178, 182 (1962).  Generally, leave to amend is denied only
8  when it is clear the deficiencies of the complaint cannot be
9  cured by amendment.  <u>DeSoto v. Yellow Freight Sys., Inc.</u>, 957
10 F.2d 655, 658 (9th Cir. 1992).

11

12                          **ANALYSIS**

13

14    Under California Law, collateral estoppel may only apply if
15 five threshold requirements are met.  <u>In Re Baldwin</u>, 249 F.3d 912
16 (9th Cir. 2001) (<u>citing</u> <u>Lucido v. Superior Court</u>, 51 Cal. 3d 335,
17 340 (1990)).  First, the issue sought to be precluded from
18 relitigation must be identical to that decided in a former
19 proceeding.  <u>Id</u>.  Second, this issue must have been actually
20 litigated in the former proceeding.  <u>Id</u>.  Third, it must have
21 been necessarily decided in the former proceeding. <u>Id</u>.  Fourth,
22 the decision in the former proceeding must be final and on the
23 merits.  <u>Id</u>.  Finally, the party against whom preclusion is sought
24 must be the same as, or in privity with, the party to the former
25 proceeding.  <u>Id</u>.
26 ///
27 ///
28 ///

1    Plaintiff argues that collateral estoppel does not apply to

2  his claim for declaratory relief because, unlike his suit in

3  <u>Barabino II</u>, Plaintiff states he is not seeking to again hold

4  Defendants liable for Seller's actions.  Rather, Plaintiff argues

5  that as a result of the Court's ruling in <u>Barabino I</u>, in which

6  Plaintiff obtained judgment against the Seller for fraud,

7  Plaintiff is unclear on whether that fraud now voids his Contract

8  thereby relieving him of any obligation to make payments to

9  Citizens.  Although the Contract currently held by Citizens is

10 scheduled to run though 2017, due to his success on the fraud

11 claim, Plaintiff believes that the Contract is void, that he is

12 no longer required to make further payments and that Defendants

13 should return all monies paid.  Accordingly, Plaintiff states he

14 seeks judicial determination of the enforceability of the

15 Contract.

16    However, Plaintiff's characterization of the remedy he seeks

17 is incomplete.  Plaintiff's Complaint states:

18        "Plaintiff desires a judicial determination of the
         rights and duties of all parties to this action under
19       the Contract, including a declaration as to whether the
         Contract is enforceable, and, a declaration of the
20       liability, if any, of defendants for claims and
         defenses which plaintiff could assert, and has asserted
21       against [Seller], including plaintiff's claim for an
         award of attorney's fees."
22

23 (Pl.'s Compl. ¶ 17).  Therefore, although couched as a single

24 cause of action, Plaintiff is in fact seeking resolution on two

25 issues; 1) whether the Contract held by Citizens is enforceable

26 and, 2) whether there is any liability of Defendants for claims

27 which Plaintiff has and could have asserted against Seller.

28 ///

                                6

1    As regards to the second issue, that matter has already been

2  adjudicated.   In Barabino II, Plaintiff attempted to hold

3  Defendants liable for all claims previously brought against

4  Seller in Barabino I under the theory that Defendants as "holders

5  of the consumer credit contract [, were] subject to all claims

6  and defenses which the debtor could assert against the seller of

7  goods or services obtained..."  (Def.'s Ex. C pg. 2)  The Court

8  dismissed Plaintiff's based on this theory holding that the

9  claims, as alleged against Defendants, were barred by the statute

10 of limitations.  (Def.'s Ex. C pgs. 5-6)

11    Resultantly, the issue of Defendants' liability for claims

12 brought against the Seller is collaterally estopped from

13 relitigation.  Defendants' Motion to Dismiss Plaintiff's request

14 for declaratory relief on the matter is granted.

15    Conversely, neither Barabino I nor Barabino II directly

16 address the issue of enforceability of the Contract. Unlike the

17 claims addressed in the antecedent cases, the issue of

18 enforceability does not necessarily pertain to the liability of

19 the parties, but rather rests on the validity of the instrument.

20 As such, Plaintiff's request for judicial determination on this

21 issue is not collaterally estopped.  Defendants' Motion to

22 Dismiss Plaintiff's request for declaratory relief on this matter

23 is denied.

24 ///

25 ///

26 ///

27 ///

28 ///

**CONCLUSION**

    Accordingly, Defendants' Motion to Dismiss (Docket Nos. 5 and 7) is hereby GRANTED on the issue of Defendants' liability, and DENIED on the issue of enforceability of the contract.

    IT IS SO ORDERED.

Dated: March 26, 2010

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

8