UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT BARABINO,                         No. 2:10-cv-00035-MCE-KJN

          Plaintiff,

     v.                                  <u>MEMORANDUM AND ORDER</u>

CITIZENS AUTOMOBILE FINANCE,
INC., a corporation; JPMORGAN
CHASE BANK, a corporation;
WESTERN SURETY COMPANY, a
corporation; and DOES ONE
through TWENTY;

          Defendants.

                    ----oo0oo----

     Presently before the Court is a Motion by Defendant Citizens

Automobile Finance, Inc. ("Defendant") for Judgment on the

Pleadings.  Defendant's Motion is made on the grounds that the

claim for declaratory relief asserted by Plaintiff Robert

Barabino ("Plaintiff") in this proceeding is barred by the

statute of limitations or, in the alternative, precluded by

principles of either collateral estoppel or res judicata.

///

1

In his opposition to this motion, Plaintiff filed a Motion requesting Rule 11 Monetary Sanctions.  For the reasons set forth below, Defendant's Motion for Judgment on the Pleadings is denied and Plaintiff's Motion requesting Rule 11 Monetary Sanctions is denied.

## BACKGROUND[1]

On January 14, 2002, Plaintiff executed a "Retail Installment Sales Contract" ("Contract") for the purchase of a 2001 Bounder Diesel ("Vehicle") from Dan Gamel's Rocklin RV Center ("Seller").  The Contract states "ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF THE GOODS OR SERVICES OBTAINED PURSUANT HERETO" ("Holder Clause").  Subsequent to Plaintiff's purchase, Seller assigned its rights under the Contract to Bank One, N.A.  Defendant JPMorgan Chase Bank, N.A. ("JPMorgan") acquired rights under the Contract as successor in interest to Bank One, N.A. by way of merger.  Plaintiff made payments to JPMorgan in excess of $25,000.  JPMorgan thereafter assigned its rights to Defendant.  Plaintiff has since made payments to Defendant in excess of $25,000.  Defendant currently holds the contract and Plaintiff continues to make payments.

///

///

///

---

[1] The factual assertions in this section are based on the allegations in Plaintiff's Complaint unless otherwise specified

1    In 2004, Plaintiff filed suit in Eastern District of
2  California, Case No. 2:04-cv-2359-MCE-EFB, (hereinafter "<u>Barabino</u>
3  <u>I</u>") against Seller and the manufacturer of the vehicle alleging
4  violations of the Song-Beverly Consumer Warranty Act, the
5  Magnuson-Moss Warranty Federal Trade Commission Improvement Act,
6  the Consumers Legal Remedies Act, and fraud.  In 2009, Plaintiff
7  obtained judgment on all causes of action against Seller and was
8  awarded damages in the amount of $270,590.20.

9    On November 26, 2008, Plaintiff filed a second action in
10  state court ("<u>Barabino II</u>")[2]. (Def.'s Req. For Judicial Notice,
11  Ex. 3).  This suit was removed to the United States District
12  Court for the Eastern District of California, Case No. 2:09-cv-
13  86-GEB-KJM.  Both JPMorgan and Citizens were named as Defendants.
14  In <u>Barabino II</u>, Plaintiff alleged that pursuant to the "Holder
15  Clause" both Defendants were subject to the same claims brought
16  against Seller in <u>Barabino I</u>.  (Def.'s Req. For Judicial Notice,
17  Ex. 3, ¶¶ 16-17.)  Ultimately, the court in <u>Barabino II</u> dismissed
18  Plaintiff's claims as barred by the statute of limitations.
19  (Def.'s Req. For Judicial Notice, Ex. 4.)[3]

20

21         [2] The Court recognizes Defendant's request for judicial
22  notice of court documents filed in <u>Barabino I</u> and <u>Barabino II</u>.
    These documents are the type that the Court may properly take
    notice of pursuant to Rule 201 of the Federal Rules of Evidence.
23  Therefore, the Court takes judicial notice of Defendant's
    exhibits 1-5.  Because exhibits 6 and 7 are documents filed in
24  this proceeding, judicial notice is not necessary for the Court
    to take them into consideration.
25
         [3] While Defendant's request for judicial notice lists
26  exhibit 4 as an order from <u>Barabino II</u>, exhibit 4 is an order
    issued by this Court in the present action.  It appears that
27  Defendant inadvertently provided the wrong document. Notwithstanding
    the mistake, this Court takes judicial notice of the Memorandum &
28  Order issued in <u>Barabino II</u> (No. 2:09-cv-86-GEB-KJM, ECF No. 18).

3

1    In the present action (Barabino III), Plaintiff's Complaint
2  contains one cause of action requesting declaratory relief.  The
3  cause of action, however, requests resolution of two issues:
4  1) whether the Contract held by Citizen is enforceable, and
5  2) whether Defendants have any liability for claims which
6  Plaintiff has or could have asserted against Seller.

7    Prior to the filing of the present Motion, both Defendants
8  filed Motions to Dismiss.  Those Motions were granted in part and
9  denied in part.  In its Memorandum and Order filed March 29,
10  2010, this Court held that Plaintiff was collaterally estopped
11  from relitigating the issue of whether Defendants are subject to
12  liability for claims that could have been asserted against
13  Seller.  In partially denying Defendants' Motions, the Court
14  explained that enforceability of the Contract was not directly
15  addressed in either <u>Barabino I</u> or <u>Barabino II</u>.

16

17                              **STANDARD**

18

19    A motion for judgment on the pleadings pursuant to
20  Rule 12(c) challenges the legal sufficiency of the opposing
21  party's pleadings.  <u>E.g.</u> <u>Westlands Water Dist. v. Bureau of</u>
22  <u>Reclamation</u>, 805 F. Supp. 1503, 1506 (E.D. Cal. 1992).  Any party
23  may move for judgment on the pleadings after the pleadings are
24  closed but within such time as to not delay trial.  Fed. R. Civ.
25  P. 12(c).
26  ///
27  ///
28  ///

4

1    The standard for evaluating a motion for judgment on the

2  pleadings is essentially the same as the standard applied to a

3  Rule 12(b)(6) motion.  Dworkin v. Hustler Magazine, Inc.,

4  867 F.2d 1188, 1192 (9th Cir. 1989).  A motion for judgment on

5  the pleadings should only be granted if, accepting as true all

6  material allegations contained in the nonmoving party's

7  pleadings, the moving party "'clearly establishes that no

8  material issue of fact remains to be resolved and that he [or

9  she] is entitled to judgment as a matter of law.'"  Doleman v.

10  Meiji Mut. Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984)

11  (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice

12  and Procedure § 1368 (1969)); Hal Roach Studios, Inc. v. Richard

13  Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).

14

15                            **ANALYSIS**

16  **A.    Defendant's Motion for Judgment on the Pleadings**

17         **1.    Statute of Limitations**

18

19    Under California Law, a party seeking rescission of a

20  contract for fraud must bring an action within four years of the

21  date the party first discovers the facts constituting the fraud.

22  Cal. Civ. Proc. § 337(3).  Defendant argues that since Barabino I

23  alleged fraudulent inducement of a contract, Plaintiff was aware

24  of facts constituting the fraud no later than November 3, 2004,

25  the date Barabino I was filed.

26  ///

27  ///

28  ///

1  According to Defendant, because the present action was filed in
2  state court on November 16, 2009, more than four years after the
3  <u>Barabino I</u> filing date, Plaintiff's cause of action is barred by
4  the statute of limitations.

5      The problem with Defendant's reasoning is it is based on a
6  misunderstanding of the relief Plaintiff currently seeks.
7  Defendant argues that, although Plaintiff's cause of action is
8  worded as a request for declaratory relief, Plaintiff is actually
9  requesting rescission of a contract and restitution for payments
10 made under the contract.  In its prior order ruling on
11 Defendant's Motion to Dismiss, this court clearly articulated the
12 issues in the present case.  Notwithstanding the clear language
13 of that order, Defendant still apparently does not understand the
14 relief requested by Plaintiff.

15     As the Court explained in its March 29, 2010 Memorandum and
16 Order, "Plaintiff is... seeking resolution on two issues;
17 1) whether the Contract held by [Defendant] is enforceable and,
18 2) whether there is any liability of Defendant[] for claims which
19 Plaintiff has and could have asserted against Seller."  In that
20 Memorandum and Order, the Court held that Plaintiff was
21 collaterally estopped from relitigating the issue of Defendant's
22 liability for claims brought against the Seller.  The Court also
23 held that the issue of enforceability of the Contract had not
24 been addressed in the prior cases.  As a result of that order,
25 the only issue remaining before this Court is whether the
26 Contract is enforceable in light of the entry of judgment in
27 <u>Barabino I</u>.
28 ///

1    In Barabino I, judgment was entered in favor of Plaintiff on

2    April 20, 2009, less than seven months before the present action

3    was filed.  This Court is unaware of a statute of limitation that

4    would preclude it from determining the enforceability of the

5    Contract in light of the recent judgment.  Thus, Plaintiff's

6    cause of action is not time-barred.

7

8              **2.    Collateral Estoppel**

9

10    Under California Law, collateral estoppel only applies if

11    five threshold requirements are met.  In Re Baldwin, 249 F.3d 912

12    (9th Cir. 2001) (citing Lucido v. Superior Court, 51 Cal. 3d 355,

13    340 (1990)).  First, the issue sought to be precluded from

14    relitigation must be identical to that decided in a former

15    proceeding.  Id.  Second, this issue must have been actually

16    litigated in the former proceeding.  Id.  Third, it must have

17    been necessarily decided in the former proceeding.  Id.  Fourth,

18    the decision in the former proceeding must be final and on the

19    merits.  Id.  Finally, the party against whom preclusion is

20    sought must be the same as, or in privity with, the party to the

21    former proceeding.  Id.

22    Here, Plaintiff seeks judicial determination of the

23    enforceability of the Contract.  Plaintiff contends that the

24    Contract was rendered void by the Barabino I judgment, and he is

25    no longer required to make further payments under the Contract.

26    This issue was not addressed in either Barabino I or Barabino II.

27    Accordingly, collateral estoppel does not bar Plaintiff's cause

28    of action for declaratory relief.

7

### 3.   Res Judicata

"The doctrine of claim preclusion (res judicata) provides that a final judgment on the merits bars a subsequent action between the same parties or their privies over the same cause of action." In re Imperial Corp. Of America, 92 F.3d 1503, 1506 (9th Cir. 1996). "Res judicata prevents litigation of all grounds for...recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding." Brown v. Felson, 442 U.S. 127, 131 (1979). The Ninth Circuit has identified four factors to consider when determining whether successive lawsuits involve the same cause of action. These factors are: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; (4) whether the two suits arise out of the same transactional nucleus of facts." In re Imperial Corp. Of America, 92 F.3d at 1506 (quoting Nordhorn v. Ladish Co., Inc., 9 F.3d 1402, 1405 (9th Cir. 1993).

Plaintiff's cause of action is essentially a request that this Court determine whether the Contract is enforceable. As already stated, Plaintiff believes that the judgment in Barabino I rendered the Contract void. Plaintiff further alleges that Defendant contends that the Contract is currently an enforceable instrument.

///

1 A determination by this Court as to whether the Contract is void
2 as a result of the judgment in <u>Barabino I</u> will not change or
3 impair the parties' rights under the contract.  It will simply
4 declare what the parties' obligations are, if any, under the
5 Contract.

6      Additionally, this case does not involve the same evidence
7 or arise out of the same transactional nucleus of facts.  The
8 focus here is on the judgment in <u>Barabino I</u> and its effect on the
9 enforceability of the Contract.  Because the judgment in <u>Barabino</u>
10 <u>I</u> was issued at a time when the parties could not litigate its
11 effect, res judicata does not preclude Plaintiff's claim.

12

13      **B.    Rule 11 Sanctions**

14

15      In Plaintiff's Opposition to Defendant's Motion for Judgment
16 on the Pleadings, Plaintiff requests monetary sanctions for
17 violation of Rule 11.  Under Rule 11, sanctions are appropriate
18 where a motion is filed for an improper purpose, the defenses or
19 legal contentions made are not supported by law, or there is no
20 evidentiary support for the factual contentions asserted.  <u>See</u>
21 Fed. R. Civ. P. 11(b).

22      Plaintiff claims that Defendant's motion is simply another
23 motion to dismiss disguised as a motion for judgment on the
24 pleadings.  Although Defendant makes many of the same arguments
25 in support of both motions, the present motion contains
26 additional arguments and evidence not present in the prior
27 motion.
28 ///

1  Additionally, there is nothing to indicate the present motion was

2  filed for an improper purpose or lacked legal or factual support.

3  Because Plaintiff has failed to describe any conduct by Defendant

4  or his attorney violating Rule 11 of the Federal Rules of Civil

5  Procedure, Plaintiff's motion is denied.  <u>See</u> Fed. R. Civ. P.

6  11(c)(2).

7

8                              **CONCLUSION**

9

10      For the reasons stated above, Defendant's Motion for

11  Judgment on the Pleadings (ECF No. 39) is DENIED and Plaintiff's

12  Request for Rule 11 Monetary Sanctions (ECF No. 50) is also

13  DENIED.[4]

14      IT IS SO ORDERED.

15  Dated: October 4, 2010

16

17

18  _____
    MORRISON C. ENGLAND, JR.
19  UNITED STATES DISTRICT JUDGE

20

21

22

23

24

25

26

27      [4] Because oral argument will not be of material assistance,
    the Court orders this matter submitted on the briefs.  E.D. Cal.
28  Local Rule 280(g).

10