1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      EASTERN DISTRICT OF CALIFORNIA

10

11   ROBERT BARABINO,                        No. 2:10-cv-00035 MCE KJN

12          Plaintiff,

13      v.                             **MEMORANDUM AND ORDER**

14   CITIZENS AUTOMOBILE FINANCE,
     INC., a corporation; JPMORGAN
15   CHASE BANK, a corporation;
     WESTERN SURETY COMPANY, a
16   corporation; and DOES ONE
     through TWENTY;
17
            Defendants.
18

19                        ----oo0oo----

20

21      Presently before the Court is a Motion by Defendant JPMorgan

22   Chase Bank, N.A. ("Chase") for Judgment on the Pleadings.

23   Defendant's Motion is made on the grounds that the claim for

24   declaratory relief asserted by Plaintiff Robert Barabino

25   ("Plaintiff") against Chase in this proceeding is barred by the

26   applicable statute of limitations.  For the reasons set forth

27   below, Chase's Motion will be granted.

28   ///

                                    1

1

## BACKGROUND[1]

2

3          On January 14, 2002, Plaintiff executed a "Retail

4   Installment Sales Contract" ("Contract") for the purchase of a

5   2001 Bounder Diesel ("Vehicle") from Dan Gamel's Rocklin RV

6   Center ("Seller").   The Contract stated that "ANY HOLDER OF THIS

7   CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES

8   WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF THE GOODS OR

9   SERVICES OBTAINED PURSUANT HERETO" ("Holder Clause").   Subsequent

10  to Plaintiff's purchase, Seller assigned its rights under the

11  Contract to Bank One, NA.   Chase acquired rights under the

12  Contract as successor in interest to Bank One, N.A. by way of

13  merger.   Plaintiff made payments to Chase in excess of $25,000

14  until Chase assigned its rights to Citizens Automobile Finance,

15  Inc. ("Citizens") on or about January 11, 2005.   Citizens

16  continues to hold the contract and Plaintiff has continued to

17  make payments to Citizens.   Pl.'s Compl., ¶¶ 5-8.

18          On November 3, 2004, Plaintiff filed suit in Eastern

19  District of California, Case No. 2:04-cv-2359-MCE-EFB,

20  (hereinafter "Barabino I") against Seller and the manufacturer of

21  the Vehicle alleging violations of the Song-Beverly Consumer

22  Warranty Act, the Magnuson-Moss Warranty Federal Trade Commission

23  Improvement Act, the Consumers Legal Remedies Act, and fraud.   In

24  2009, Plaintiff obtained judgment on all causes of action against

25  Seller and was awarded damages in the amount of $270,590.20.

26  ///

27

---

28          [1] The factual assertions in this section are based on the
    allegations in Plaintiff's Complaint unless otherwise specified.

1       On November 26, 2008, Plaintiff filed a second action in

2   state court ("Barabino II")  That suit was removed to the United

3   States District Court for the Eastern District of California,

4   Case No. 2:09-cv-86-GEB-KJM.  Both Chase and Citizens were named

5   as Defendants.  In Barabino II, Plaintiff alleged that pursuant

6   to the "Holder Clause" both Defendants were subject to the same

7   claims brought against Seller in Barabino I.  Ultimately, the

8   court in Barabino II dismissed Plaintiff's claims as barred by

9   the statute of limitations.

10      Plaintiff's Complaint in the present action ("Barabino III")

11  contains one cause of action requesting declaratory relief.  The

12  cause of action, however, requests resolution of two issues:

13  1) whether the Contract held by Citizens is enforceable, and

14  2) whether Defendants have any liability for claims which

15  Plaintiff has or could have asserted against Seller.

16      Prior to the filing of the present motion, both Defendants

17  filed motions to dismiss.  Those motions were granted in part and

18  denied in part.  In its Memorandum and Order filed March 29,

19  2010, this Court held that Plaintiff was collaterally estopped

20  from relitigating the issue of whether Defendants are subject to

21  liability for claims that could have been asserted against

22  Seller.  In partially denying Defendants' motions, however, the

23  Court explained that enforceability of the Contract had not been

24  directly addressed in either Barabino I or Barabino II.

25  ///

26  ///

27  ///

28  ///

1        The motion now before the Court for adjudication seeks

2   judgment on the pleadings on Chase's behalf.  Chase argues that

3   the face of the complaint in <u>Barabino III</u> makes it clear 1) that

4   Chase has no interest in the Contract since before January 11,

5   2005, when the Contract was assigned to Citizens; and 2) that no

6   payments have been made to Chase since that time; and 3) that no

7   payments will be made to Chase in the future given the

8   assignment.

9        Although Citizens filed its own motion for Judgment on the

10  Pleadings, and while that Motion was denied by Memorandum and

11  Order dated October 5, 2010, the Court's denial of Citizens'

12  motion was predicated on the fact that the issue of whether the

13  Contract, as held by Citizens, continues to be enforceable, and

14  whether Plaintiff still owes monies pursuant to that Contract,

15  remain an unresolved question properly subject to adjudication.

16  <u>See</u> October 5, 2010 Order, 8:22-27.

17       In bringing the present motion, Chase argues that those

18  concerns simply are inapplicable to Chase since Chase long ago

19  ceased to have any interest in the Contract.   As Chase points

20  out, even Plaintiff appears to concede in his opposition to this

21  motion that the only arguably viable allegation against Chase at

22  this juncture turns on whether Chase "will be required to return

23  the payments [already] made under the fraudulent and void

24  [Contract]."  Pl.'s Reply, 3:13-17.

25  ///

26  ///

27  ///

28  ///

4

1                              **STANDARD**

2

3      A motion for judgment on the pleadings pursuant to

4  Rule 12(c) challenges the legal sufficiency of the opposing

5  party's pleadings. See, e.g., Westlands Water Dist. v. Bureau of

6  Reclamation, 805 F. Supp. 1503, 1506 (E.D. Cal. 1992).  Any party

7  may move for judgment on the pleadings after the pleadings are

8  closed but within such time as to not delay trial.  Fed. R. Civ.

9  P. 12(c).

10      The standard for evaluating a motion for judgment on the

11  pleadings is essentially the same as the standard applied to a

12  Rule 12(b)(6) motion.  Dworkin v. Hustler Magazine, Inc.,

13  867 F.2d 1188, 1192 (9th Cir. 1989).  A motion for judgment on

14  the pleadings should only be granted if, accepting as true all

15  material allegations contained in the nonmoving party's

16  pleadings, the moving party "'clearly establishes that no

17  material issue of fact remains to be resolved and that he [or

18  she] is entitled to judgment as a matter of law.'"  Doleman v.

19  Meiji Mut. Life Ins. Co., 727 F.2d 1480, 1482 (9th Cir. 1984)

20  (quoting Charles Alan Wright & Arthur R. Miller, Federal Practice

21  and Procedure § 1368 (1969)); Hal Roach Studios, Inc. v. Richard

22  Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1989).

23

24                              **ANALYSIS**

25

26      The Court's previous October 5, 2010 Memorandum and Order

27  made it clear that Plaintiff's sole remaining claim is whether

28  the Contract is indeed enforceable.

                                 5

1  With respect to Chase, Plaintiff's complaint in <u>Barabino III</u>

2  makes it clear that Chase has not had any interest in the

3  Contract since prior to the time it was assigned to Citizens on

4  or about January 11, 2005.  There is no allegation that any

5  payments have been made by Plaintiff to Chase since that time.

6  Nor is there any contention that payments will be made to Chase

7  in the future.  Although the <u>Barabino III</u> complaint is silent on

8  this issue, as indicated above, the only claim even arguably made

9  is that Chase may be required to return payments previously made

10  under the Contract.

11      Since federal jurisdiction in this matter is predicated on

12  diversity of citizenship pursuant to 28 U.S.C. § 1332(a), the

13  Court must look to the applicable state statute of limitations in

14  determining the timeliness of Plaintiff's claims in this matter.

15  California law makes it clear that any action based on a written

16  contract, including attempted rescission of a contract, must be

17  made within four years.  Cal. Code of Civ. Proc. § 337.

18      Here, Plaintiff's complaint in <u>Barabino III</u> states that the

19  Contract was entered into on January 14, 2002.  Pl.'s Compl.,

20  ¶ 5.  Plaintiff first asserted his claims with respect to the

21  Contract when he filed <u>Barabino I</u> on November 3, 2004.  In

22  Barabino II, the Court found that the applicable limitations

23  period began running, at the latest, as of the November 3, 2004

24  filing date of Barabino I.  <u>See</u> Barabino II, Order filed

25  August 12, 2009, 5:14-21.

26  ///

27  ///

28  ///

1  Even if continuing payments under the Contract after November 3,

2  2004 trigger a later-accruing limitations date, as stated above,

3  Chase, unlike Citizens, has obtained no such payments after

4  January 11, 2005 and has had no interest whatsoever in the

5  Contract since that time.  Consequently, irrespective of whether

6  the statute started running on November 3, 2004 or January 11,

7  2005, the fact remains that <u>Barabino III</u> was not filed until

8  November 16, 2009, which under either scenario exceeded the four-

9  year limitations period.  Therefore, any claim against Chase in

10 the present litigation is necessarily time-barred.

11     The fact that Plaintiff's current complaint is styled as a

12 request for declaratory relief does not change this result.

13 Ninth Circuit authority holds that an equitable claim for

14 declaratory relief is subject to the same statute of limitations

15 that would apply to the underlying legal claims, which here

16 consist of claims on a written contract subject to a four-year

17 limitation period.  <u>See</u>, <u>e.g.</u>, <u>Levald, Inc. v. City of Palm</u>

18 <u>Desert</u>, 998 F.2d 680, 688 (9th Cir. 1993).

19 ///

20 ///

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1

2

**CONCLUSION**

3    For the reasons stated above, Defendant's Motion for

4  Judgment on the Pleadings (ECF No. 62) is GRANTED.[2]  Plaintiff's

5  request that Defendant be sanctioned in connection with this

6  motion is denied.

7    IT IS SO ORDERED.

8

9   Dated: December 21, 2010

10

11                              MORRISON C. ENGLAND, JR.
                                UNITED STATES DISTRICT JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27      [2] Because oral argument will not be of material assistance,
   the Court ordered this matter submitted on the briefs.  E.D. Cal.
28  Local Rule 280(g).