UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT BARABINO,                              No. 2:10-cv-00035-MCE-KJN

       Plaintiff,

  v.                                          **MEMORANDUM AND ORDER**

CITIZENS AUTOMOBILE FINANCE,
INC., a corporation; et al.,

       Defendants.

----oo0oo----

Plaintiff Robert Barabino ("Plaintiff") purchased a recreational vehicle from Dan Gamel, Inc. ("Gamel"). He initially sued Gamel claiming various warranty, consumer remedy, and fraud claims. Plaintiff ultimately obtained a judgment against Gamel in that proceeding. Through the present action, Plaintiff's judicial determination that the installment sales contract issued on the recreational vehicle, and assigned to Defendant Citizens Automobile Finance, Inc. ("Citizens"), is unenforceable because the underlying sale of the vehicle from Gamel was fraudulent.

1

Defendant Citizen now moves, under Federal Rule of Civil Procedure 14(a),[1] to file a Third-Party Complaint against Gamel. According to Citizens, it has a viable indemnity claim against Gamel because any wrongdoing that occurred had nothing to do with Citizens and instead was attributable to Gamel's conduct in the course of the sales transaction.  Consequently, to the extent that Citizens incurs any obligation to pay attorney's fees incurred by Plaintiff in either this action or its predecessors, Citizens argues it should be permitted to seek indemnity from Gamel as the responsible party.

Rule 14 permits parties to bring a lawsuit against, or "implead," a third party who is not already a party to the lawsuit in order to transfer liability being asserted against it in the underlying lawsuit.  Specifically, Rule 14 provides:

> "at any time after commencement of the action, a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not a party to the action who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." (F.R.C.P. Rule 14(a)).

The District Court has broad discretion in determining the propriety of a third-party claim under Rule 14. Sw. Admin., Inc. v. Rozay's Transfer, 791 F.2d 769, 777 (9th Cir. 1986).  Rule 14 is to be construed liberally in favor of allowing impleader. Lehman v. Revolution Portfolio L.L.C., 166 F.3d 389, 393 (1st Cir. 1999).

///
///

---

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

2

In opposing Citizens' request, Plaintiff relies almost exclusively on the argument that Citizens has not been timely in attempting to bring Gamel into this particular segment of the litigation spawned by Plaintiff's purchase of the subject RV. Citizens, however, claims that it only recently discovered that Gamel has any ongoing business activities, and even more recently was able to locate an address at which Gamel can be served with process in this matter.  Particularity given the liberality with which requests for impleader should be considered, the Court does not find that any delay in this regard is fatal to Citizen's ability to now implead Gamel.

Because under the circumstances it appears that Citizens has grounds to file a separate lawsuit against Gamel for contribution and indemnity, a third-party complaint against Gamel is proper, and Citizen's Motion for Leave to File Third Party Complaint (ECF No. 70) is GRANTED.[2]  Citizens is directed to file and serve its proposed Third-Party Complaint not later than ten (10) days following the date this Order is electronically filed with the Court.

///
///
///
///
///
///
///

---

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 230(g).

3

1    Given the impending inclusion of Gamel as a new party to
2 this lawsuit, the Pretrial Scheduling Order, filed on
3 September 27, 2010, is hereby vacated, along with all the dates
4 and deadlines contained therein.  A new Scheduling Order will be
5 issued shortly.
6    IT IS SO ORDERED.

Dated: May 3, 2011

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE