UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ROBERT BARABINO,

        Plaintiff,

  v.

CITIZENS AUTOMOBILE FINANCE, INC., a corporation; JPMORGAN CHASE BANK, a corporation; WESTERN SURETY COMPANY, a corporation; and DOES 1 through TWENTY;

        Defendants.

No.  2:10-cv-00035-MCE-EFB

**ORDER**

----oo0oo----

On June 3, 2011, Defendant Citizens Automobile Finance Inc. ("Citizens") filed an Ex Parte Request for Order to Serve Third-party Defendant Dan Gamel Inc. ("Gamel") through the California Secretary of State.  Citizens contends Gamel's formal agent for service of process resigned on September 27, 2010 and that Citizens has since made diligent efforts to serve Gamel at its place of business and through its principal, but has been unsuccessful.

///

Federal Rule of Civil Procedure 4(h)(1) provides, <u>inter alia</u>, that a corporation may be served "(A) in the manner prescribed by Rule 4(e)(1) for serving an individual." Rule 4(e)(1), in turn, provides service may be accomplished by "following state law for serving a summons... in the state where the district court is located."

Accordingly, Citizens seeks to serve Gamel pursuant to § 1702 of the California Corporations Code, which states, in pertinent part:

> If an agent for the purpose of service of process has resigned and has not been replaced or if the agent designated cannot with reasonable diligence be found at the address designated for personally delivering the process, or if no agent has been designated, and it is shown by affidavit to the satisfaction of the court that process against a domestic corporation cannot be served with reasonable diligence upon the designated agent... the court may make an order that the service be made upon the corporation by delivering by hand to the Secretary of State, or to any person employed in the Secretary of State's office in the capacity of assistant or deputy, one copy of the process for each defendant to be served, together with a copy of the order authorizing such service. Cal. Corp. Code § 1702(a) (2011).

In support of its request, Citizens submitted two sworn declarations of Lauri Greenberg, the owner of Moe's Process Serving, Inc. ("MPS"), the process server Citizens retained in this case. (ECF No. 85-1 and 89). Ms. Greenberg attached to her first declaration a record from the California Secretary of State's Business Portal indicating the name and address of Gamel as well as the fact that Gamel's agent for service of process resigned on September 27, 2010. Business Entry Detail, Ex. A of ECF No. 85-1.

///

///

1  Ms. Greenberg's declarations are also supported by an "Affidavit of
2  Reasonable Diligence" stating that the address provided for Gamel
3  on the Secretary of State's website currently belongs to another
4  business which returns all mail to the post office.  Aff. of
5  Reasonable Diligence, 2, Ex. A of ECF No. 89.  Furthermore, MPS's
6  efforts to locate Gamel's principal, Mr. Dan Gamel, at a possible
7  residence revealed that he has not lived there for over a year. Id.
8  at 2-3.
9       Having considered Citizens' Ex Parte Request, the Court
10 concludes Citizens has shown both that: 1) Gamel's designated agent
11 for service of process has resigned; and 2) with reasonable
12 diligence, process could not be served upon Gamel or its principal.
13 Therefore, Citizens' Ex Parte Request for Order to Serve Gamel
14 through the California Secretary of State is GRANTED.
15      The Court further ORDERS that service of process upon Dan
16 Gamel Inc., a California corporation, be made by delivery of
17 process to the California Secretary of State, or assistant or
18 deputy thereof, pursuant to § 1702 of the California Corporations
19 Code.
20      IT IS SO ORDERED.
21 Date:  July 15, 2011

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE